ABEL v. NATIONAL RESERVE BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   March 22, 1912.)

1. BANKS AND BANKING (§ 227*)—INSTRUCTIONS.

In an action against a bank by one claiming compensation for services rendered, an instruction that, before the bank can be held to have ratified the agreement that plaintiff made with one of its directors, it must be shown that it knew of the agreement, and that plaintiff could not recover unless there was a promise of compensation besides a promise of a position, being given becomes the law of the case, and a verdict for plaintiff cannot stand in the absence of evidence showing such promise and ratification.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 871–873;  Dec. Dig. § 227.*]

2. EVIDENCE (§ 271*)—DECLARATIONS—SELF-SERVING DECLARATIONS.

In an action against a bank for services rendered, where the bank claimed that services had not been rendered for compensation but under promise of a position, a letter written to the bank long after the rendition of service, and which was not answered, is not admissible, being purely a self-serving document.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104;  Dec. Dig. § 271.*]

Appeal from Trial Term, New York County.

Action by Louis Abel against the National Reserve Bank of the City of New York.   From a judgment for plaintiff, and an order denying defendant's motion to set aside the verdict and for a new trial, defendant appeals.   Reversed and remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Sullivan & Cromwell (Emery H. Sykes, of counsel, and J. Hampden Dougherty, Jr., on the brief), for appellant.

Michael Martin Dolphin, for respondent.

CLARKE, J.   [1]  The complaint alleges that on or about the 1st day of October, 1908, the plaintiff was employed by the defendant to perform certain duties in and about the organization of the defendant's bank and the reorganization of the defendant's predecessor, the Consolidated National Bank of New York, in the way of soliciting subscriptions for the capital stock of the defendant's bank and procuring deposits for the defendant's bank, and, at the special request of the defendant and its agents, plaintiff undertook to perform, and did perform, the said duties under the direction of the defendant and of its agents, and continued under the defendant's employment as aforesaid from the 1st day of October, 1908, to the 1st day of October, 1909, and that the reasonable value of such services was $3,525, for which he demanded judgment.

The plaintiff testified that in the fore part of October, 1908, he was employed as paying teller by the Greenwich Bank; that Mr. George W. Adams—

"told me that he was elected a member of the reorganization committee of the Consolidated National Bank, about to form a new bank, and the name was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not decided upon. It was to take over the assets of the Oriental Bank, and that as a member of that committee, of course, he said they needed help to secure subscriptions, that they wanted additional capital stock, and, if I would come on and secure this stock I would be remunerated for same, that I would get a position as good if not better than the one I had in Greenwich Bank. * * * I saw Mr. Adams in about three days and talked it over again, and he repeated his promises, and said there was a chance of my getting an official position. Naturally I assented to going out and working for that position—an official position with the reorganized bank."

The defendant denied that it had ever employed the plaintiff or promised to remunerate him and took the position that whatever he did he did for Mr. Adams, who subsequently became the cashier of the bank. The learned court charged the jury as follows:

"Then you will have in mind Adams' testimony to the effect that nothing was said about any remuneration, except to promise to give him a position, in the new bank, or the bank under the new name. If you find from the testimony that the promise to the plaintiff was merely that he was to have a position with the defendant bank as the sole reward for his services, your verdict will be for the defendant, because there is nothing in the testimony that I can recall that would sustain the theory that the bank was ever advised of any such specific promise to give him a position in the new bank; and, before the bank can be held to have ratified the agreement that plaintiff made with Adams, it must be shown that the bank knew what the arrangement was. The bank cannot be held to have ratified such agreement with Adams as to the nature of the payment to be made for services, unless it is shown that the new bank knew what the nature of the promise made by Adams was. If there was nothing more than the promise of a position, your verdict will be for the defendant; and let me remind you that the burden is upon the plaintiff to show that there was a promise of remuneration for services in addition to the promise of as good or a better position in the bank."

Therefore, as the case was submitted to the jury, it was essential for it to find by a preponderance of the evidence that there was a promise to remunerate outside of and irrespective of the promise of a position by Adams, and that this was known to and ratified by the bank. This being the law of the case, this verdict cannot stand. It is not only against the weight of the evidence, but there is hardly a scintilla of competent evidence in support thereof.

[2] As there must be a new trial, we call attention to the admission in evidence of the letter of January 11, 1910, written to the bank by the plaintiff long after the transactions under consideration. This letter was not in response to any communication from the bank nor was it answered by it, and is purely a self-serving document, and so incompetent and inadmissible.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.